UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24595-CIV-MORENO

PREMIER PRODUCE SERVICES LLC,

    Plaintiff,

vs.

OSHA PRODUCE LLC, YENDRY TOBOSO,
ANDRES EDUARDO NASH DIEZ, and
JESSE J. FERNANDEZ,

    Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO TAX COSTS

THIS CAUSE came before the Court upon Plaintiff's Motion to Tax Costs **(D.E. 26)**. THE COURT has considered the motion, the accompanying bill of costs and invoices, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to tax costs is GRANTED in PART to **$2,070.20**. As the prevailing party, Plaintiff seeks a total of $3,765.20 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Specifically, Plaintiff seeks reimbursement for fees of the Clerk, fees for service of summons and subpoena, fees and disbursements for printing, and fees for witnesses.

After meaningful review, the Court finds that the amount of costs sought, particularly for service of the summons and subpoena, is excessive. Plaintiff seeks a total of $3,056.00 for service of the summons and subpoena on multiple Defendants and witnesses. It lists that for both kinds of service, its private process server charged $225.00 in "Priority Service (Same Day)" without explaining why it needed such priority service, and why the cost of such service is nearly three and a half times the hourly rate charged by the United States Marshals Service. *See* 28 C.F.R. §

0.114(a)(3) (setting the average hourly rate for process served or executed personally as $65.00 per hour for the U.S. Marshals Service, plus travel costs and any other out-of-pocket expenses).

As explained by the Eleventh Circuit, private process service costs that exceed authorized statutory costs are not typically reimbursable.  *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  As no explanation has been given for the greater amount of costs Plaintiff seeks for priority service, the Court exercises its discretion to reduce the cost of service for each summons and subpoena to $65.00, for a total of $1,361.00 in costs for such service (allowing for the other related expenses accompanying the service invoices).  S*ee Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509, 2012 WL 1587663, at *2 (S.D. Fla. May 4, 2012) (reducing costs sought for "rush" service because "the $80.00 fee for serving each deposition subpoena significantly exceeds the $55.00 hourly service rate charged by the Marshals Service. Moreover, [the defendant] does not explain why it was necessary to serve these subpoena in an expedited fashion."); *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, No. 08-20128, 2009 WL 4633526, at *20 (S.D. Fla. Dec. 2, 2009) (reducing costs sought for service as "the process server fees exceed the prevailing rate charged by the U.S. Marshal[]").

Accordingly, finding that Plaintiff is entitled to the other costs it seeks (witness fees, filing fees, and printing fees), the Court awards a total of **$2,070.20** in taxable costs.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th of August 2020.

_____
      FEDERICO A. MORENO
      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record