UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24595-CIV-MORENO

PREMIER PRODUCE SERVICES LLC,

       Plaintiff,

vs.

OSHA PRODUCE LLC, YENDRY TOBOSO,
ANDRES EDUARDO NASH DIEZ, and
JESSE J. FERNANDEZ,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

THIS CAUSE came before the Court upon Plaintiff's Application for Attorney's Fees and Memorandum of Law (**D.E. 27**). THE COURT has considered the motion for fees, the accompanying billing statements and declaration by attorney Jason Klinowski, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Plaintiff's motion for attorney's fees is GRANTED in PART to an award of **$14,659.00**. Plaintiff seeks a total of $26,426.00 in fees for work performed by lead and local counsel in filing suit against the Defendants as a result of violating the Perishable Agricultural Commodities Act ("PACA"). There is no doubt, given the parties' written agreement, as well as the provisions of PACA, that Plaintiff is entitled to a fee award as the prevailing party. *See Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632-33 (11th Cir. 2004).

After meaningful review, however, the Court finds that the amount of time expended in litigating this matter by lead counsel (106.8 hours), in a case which ultimately resulted in an uncontested default judgment, is unreasonably high in light of *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1] The Court has reviewed the relevant billing statements, including multiple and vague references to "review and save pleading to client file" (around two hours), "received and reviewed clerk's entry of default" (.2 hours), review and exchange multiple emails (several hours), as well as "Edit the Motion for Default Judgment" (more than twenty hours), and finds these time entries excessive for the work performed. *See id.* at 717 (holding that "hours claimed or spent" are "a necessary ingredient" to be considered in analyzing the reasonableness of the fee). The Court further finds the amount sought by lead counsel ($21,767.00) excessive in light of the damages awarded for the unpaid invoice ($23,976.00). *See id.* at 718 (stating "[t]he amount involved and the results obtained" are to be considered, as well).

Accordingly, in light of the above, lead counsel's fees are reduced to **$10,000.00**, and local counsel is awarded **$4,659.00**, as adequate compensation for services rendered.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th of August 2020.

*Federico A. Moreno*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.